896 F.2d 548
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin Barney STROMAN, a/k/a Calvin Stroman, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Jerry STROMAN, Defendant-Appellant.
 Nos. 89-5563, 89-5564.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 3, 1989.
Decided: Jan. 26, 1990.
 
 Barry H. Johnson (James E. Whittle, Jr. (Johnson, Johnson, Maxwell, Whittle, Snelgrove & Weeks, on brief); William T. Toal (I.S. Leevy Johnson, Johnson, Toal & Battiste, on brief), for appellants.
 Albert Peter Shahid, Jr., Assistant United States Attorney (E. Bart Daniel, United States Attorney; Marvin J. Caughman, Assistant United States Attorney, on brief, for appellee.
 Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Larry and Calvin Stroman, brothers, appeal their convictions of armed bank robbery (18 U.S.C. Sec. 2113(a)) and use of a firearm in the commission of a crime of violence (18 U.S.C. Sec. 924(c)). We affirm.
 
 
 2
 Immediately following their arrest, Calvin Stroman made certain incriminating statements which were introduced at the brothers' joint trial with all reference to Larry Stroman excised. The trial court gave an appropriate limiting instruction. Neither defendant testified. Larry Stroman contends on appeal that admission of Calvin's statements were prohibited by the Supreme Court's ruling in Bruton v. United States, 391 U.S. 123 (1968), that a defendant is deprived of the right of confrontation when a nontestifying codefendant's confession naming him as a participant is introduced at their joint trial, even if the jury is instructed not to consider the confession against him. Bruton makes an exception to the general rule that juries are presumed to follow their instructions on the ground that it would be too difficult to disregard a confession that expressly implicates a codefendant. More recently, the Supreme Court has held that when a confession does not expressly implicate the codefendant, and the jury must independently discern a link between the defendant and the codefendant's confession, it can be presumed that the jury will follow the limiting instruction. Marsh v. Richardson, 481 U.S. 200 (1987). Under Marsh, a redacted statement from which all reference to the defendant has been eliminated does not violate the Confrontation Clause. As Calvin Stroman's statements had been properly redacted, they did not incriminate Larry Stroman and were admissible under Marsh.
 
 
 3
 Calvin Stroman maintains that the car in which he and his brother were riding was stopped in violation of the Fourth Amendment and that all evidence taken from the car should have been suppressed. However, the sheriff who stopped their car, having just received a report from a convenience store that two black males had been acting suspiciously there, had been using red-stained money, and had driven away in a silver Chevrolet Nova, had a reasonable articulable suspicion of criminal activity sufficient to justify an investigative stop. The Stromans and their car fit this description and the investigative stop did not violate the Fourth Amendment.
 
 
 4
 Finally, both defendants argue that the consecutive five-year sentence each received for conviction under 18 U.S.C. Sec. 924(c) is unduly harsh and that sentencing guideline Sec. 2K2.4, which mandates a separate five-year sentence for a violation of Sec. 924(c), is unconstitutional. The consecutive five-year sentence is clearly intended by Congress, which has the power to make a sentence mandatory, Lockett v. Ohio, 438 U.S. 586, 602 (1978), and the sentencing guidelines have been held to be constitutional. United States v. Mistretta, --- U.S. ----, 57 U.S.L.W. 4102 (1989). The convictions are accordingly affirmed.
 
 
 5
 AFFIRMED.